Opinion

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **RAMON MENDOZA-GERONIMO**, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-11-240 |
| | § | (CRIMINAL NO. B-10-1056) |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ramon Mendoza-Geronimo has filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (hereinafter, "Petitioner's 2255 Motion"). *See* Docket Entry ("DE") 1. The Government has filed a "Motion for Summary Judgment, and, Alternatively, Motion to Dismiss" (hereinafter, "Respondent's Motion"). DE 24. For the reasons provided below, the Court **RECOMMENDS** that Respondent's Motion be **GRANTED**, and Petitioner's case be **DISMISSED**.

## JURISDICTION

Petitioner is challenging the judgment of conviction and sentence imposed by the District Court on February 28, 2011. *See United States of America v. Mendoza-Geronimo*, No. 1:10-cr-01056-1, DE 28 (Judgment); DE 41 (Sentencing Transcript). This Court has jurisdiction pursuant to 28 U.S.C. §2255.

## BACKGROUND

On August 27, 2010, an indictment was filed in this Division charging Petitioner with illegal reentry, after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). *Mendoza-Geronimo*, No. 1:10-cr-01056-1, DE 6. On September 30, 2010, Petitioner pleaded guilty pursuant to a written plea agreement wherein he voluntarily waived his right to appeal and to file a motion under 28 U.S.C. § 2255. *Id*., DE Nos. 12, 14, 15. On February 28, 2011, Petitioner was sentenced to 37 months imprisonment, followed by two years

of supervised release.  *Id.*, DE Nos. 28, 40, 41.  Petitioner did not appeal, but he timely filed his instant § 2255 Motion and Memorandum in Support on November 25, 2011.  DE Nos. 1-2.  On May 7, 2012, the Government filed its Motion which: (1) requested an evidentiary hearing limited to the issue of whether Petitioner asked his counsel to file a notice of appeal; (2) requested summary judgment; and, alternatively, (3) moved to dismiss Petitioner's claims. DE 24.  The Court held the requested evidentiary hearing on August 7, 2012.  *See* DE 29 (Hearing Transcript).

**DISCUSSION**

**1.      Petitioner's Claims**

In his Memorandum in Support of his 2255 Motion,[1] Petitioner asserts seven claims.  His seventh claim alleges that he is entitled to relief because he has never received the legal documentation and transcripts that he has paid for and requested.  DE 2, at 7, 35.  In claims one through six, Petitioner asserts that he is entitled to relief because his counsel provided him with ineffective assistance of counsel (hereinafter, "IAC").  Specifically, he claims that his counsel provided IAC by:

(1)      failing to file a notice of appeal pursuant to Petitioner's request (DE 2 at 6, 10-13);

(2)      failing to adequately prepare for trial by: (i) neglecting to ensure that Petitioner understood the nature and consequences of his plea; (ii) neglecting to discover available mitigating provisions which could guarantee some kind of downward departure for Petitioner; (iii) neglecting to object to the Pre-Sentence Report ("PSR"); and by (iv) neglecting to otherwise obtain a sentencing departure or more favorable plea bargain with the government (DE 2 at 1, 14-19);

(3)      misrepresenting the length of the prison term proposed by the Government in the plea, and by assuring Petitioner that the Government had agreed to advise the Court to impose a sentence between 18-24 months (DE 2, at 6, 19);

(4)      failing to argue and establish that Petitioner qualified for a cultural assimilation downward departure (DE 2 at 6, 20-24);

(5)      failing to argue that the Court should avoid unwarranted sentencing disparities

---

[1]      Petitioner lists and explains all of his grounds for relief in his Memorandum, rather than his 2255 Motion.

due to his illegal alien status (DE 2 at 6-7, 24-31);

(6)       failing to file objections to the PSR (DE , 32-33).

With regard to grounds two through seven, the Government argues that Petitioner's claims should be dismissed because they are conclusory, belied by the record, non-cognizable, or otherwise legally insufficient to show a right to relief.  DE 24 at 24-33.  With respect to Petitioner's first ground for relief, the Government argues that summary judgment will be appropriate if, after the hearing, Petitioner has failed to show, by a preponderance of the evidence, that he asked his counsel to file a notice of appeal.  *Id*. at 1-2, 18-24, 32-33.

    **2.       Legal Standards**

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose this sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The nature of the collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude.  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional magnitude, the petitioner must show that the error could not have been raised on direct appeal and would, if condemned, result in a complete miscarriage of justice.  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them.  *Missouri v. Frye*, No. 10-444, 132 S.Ct. 1399, 1405, 2012 WL 932020, at *5 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 173 L.Ed.2d 955 (2009)).  Critical stages include not only trial but also pretrial proceedings—including the plea-bargaining process.  *Laffler v. Cooper*, No. 10-209, 132 S.Ct. 1376, 2012 WL 932019, at *4 (2012), *see also*, *Padilla v. Kentucky*, 559 U.S. ---, ---, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).  Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible.  *Laffler*, 2012 WL 932019, at *6.  The "due process clause of the Fourteenth

Amendment guarantees effective assistance of counsel for direct appeals as of right." *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994).

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984). In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Ibid*. In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (stating that a movant must show a reasonable probability that but for his appellate counsel's error, the outcome of his appeal would have been

4

different).

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair.  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."  *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test makes it unnecessary to examine the other prong.  *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210.  Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice.  *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987).  It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.  *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter,* 796 F.2d 813, 821 (5th Cir. 1986).

### 3.    Application

Petitioner's first claim alleges that he is entitled to relief because he "adequately requested counsel to perfect a notice of appeal[,]" but that his counsel failed to file the notice. DE 2 at 10-11.  The Court held an evidentiary hearing on this issue pursuant to the law of this Circuit[2] and the Government's request.  DE 24 at 1; DE 29.  The Court also appointed an attorney to represent Petitioner at the hearing on May 30, 2012.  DE 26.  At the hearing, Petitioner testified that the District Court informed him of his right to appeal during his sentencing hearing and told him that he had 14 days to file his notice of appeal.  DE 29 at 14.  He

---

[2] *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007) ("[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.  Because the record in the instant case does not conclusively show whether Tapp requested that his counsel file an appeal, we vacate the district court's judgment denying Tapp's § 2255 petition and remand for an evidentiary hearing on this issue.").

also testified that he did not ask his counsel, Rene E. De Coss, to file a notice of appeal, but that his failure to ask De Coss to file the notice was due to his having no contact with De Coss after his sentencing. *Id*. at 15.

Petitioner's testimony is directly contradicted by De Coss's affidavit and testimony. In his signed and notarized affidavit, made under oath and with personal knowledge of the facts discussed therein, De Coss states:

> Defendant's claim that I deprived him of effective assistance of Counsel by failing to file a notice of appeal after being instructed to do so is not true. I met with Mr. Ramon Mendoza-Geronimo immediately after the sentencing hearing held on February 28, 2011. I explained that although he had waived his right to appeal pursuant to the written plea agreement, he still maintained a limited right to appeal his sentence if he believed that the government had not followed through with the plea agreement, if his sentence was illegal or if he thought I had been ineffective in his representation. Mr. Ramon Mendoza-Geronimo was grateful that he was sentenced at the low end of the guidelines and that his criminal history category had been adjusted from a level IV sentencing range of (46-57) months to category III with a sentencing range of (37-46) months. Mr. Ramon Mendoza-Geronimo specifically instructed me ***not to file a notice of appeal***.

DE 21 at 2-3 (emphasis original). At the hearing De Coss elaborated upon these statements and testified that, while Petitioner later accused him of failing to file a notice of appeal *after it was too late*, he had educated Petitioner regarding his appellate rights immediately after the hearing and Petitioner told him he did not want to file an appeal. DE 29 at 36.

The Court has reviewed the entire file finds no evidence to support Petitioner's claim that he instructed De Coss to file a notice of appeal on his behalf. In addition to Petitioner's in-Court acknowledgment that he did not instruct De Coss to file a notice of appeal (DE 29 at 15), Petitioner's counsel did not attempt to contradict De Coss's testimony regarding his consultation with Petitioner after his sentencing, despite having an opportunity to confer with Petitioner and challenge De Coss's statements. Thus, the Court has no reason to believe that De Coss was testifying untruthfully. Finally, a review of all submitted information and hearing testimony suggests that Petitioner only became unhappy with his sentence after his time to appeal had expired and he perceived that other inmates in his situation had received shorter sentences due to their cultural assimilation and contacts within this country. *See, e.g.,* DE 2 at 24; DE 29 at 9. The District Court correctly informed Petitioner of his rights during sentencing and there is no evidence that Petitioner timely attempted to appeal his sentence, either on his own, or with the

help of any lawyer.

Accordingly, Petitioner has failed to show, by a preponderance of the evidence, that his counsel failed to file a requested notice of appeal. Instead, the uncontradicted testimony before the Court indicates that Petitioner told De Coss that he did not want to file an appeal. His first IAC claim, then, should be **DISMISSED**, and Respondent's Motion on this claim should be **GRANTED**.[3] Petitioner's remaining claims also lack merit. First, Petitioner's IAC claims two, three, four, and six are conclusory and contradicted by the record. Petitioner pleaded guilty to the offense of being an alien unlawfully present in the Unites States after having been convicted of an aggravated felony and deported in violation of 8 U.S.C. §§ 1326(a) and (b). DE 23; DE 28. More specifically, Petitioner's signed a guilty plea acknowledges that: (1) on August 17, 2010, border patrol agents discovered him in Cameron County, Texas; (2) he was then found to be an alien and a citizen of the Dominican Republic who had entered the United States illegally; (3) he had been previously excluded, deported or removed from the United States on March 10, 2004, after having been convicted of the aggravated felony of conspiracy to distribute a controlled substance on June 7, 2001; (4) he had not obtained the consent of the Attorney General or the Secretary of Homeland Security to reapply for admission into the United States. *Mendoza-Geronimo*, No. 1:10-cr-01056-1, DE 15 at 1.

Prior to sentencing, Petitioner testified in Court that he understood that he could receive a sentence of "20 years imprisonment, and a 250,000 – dollar fine, a three-year term of supervised release, and a 100-dollar special assessment" for his conduct. *Mendoza-Geronimo*, No. 1:10-cr-01056-1, DE 47 at 27. Instead, Petitioner was only sentenced to 37 months of imprisonment and two years of supervised release. He was ordered to pay a $100 special assessment, but he was not ordered to pay a fine. DE 28. Petitioner has failed to cite any law or evidence demonstrating that this conviction or sentence were in any way incorrect, much less illegal, unconstitutional, or procured as the result of IAC. Further, the record reflects that: (1) Petitioner was fully informed of his rights in Court and entered a knowing, voluntary guilty plea waiving his rights to appeal

---

[3] *See Roe v. Flores-Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 1035 (2000) ("[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)").

and collaterally attack his sentence; (2) Petitioner's sentencing hearing was continued to give
him extra time to consult with De Coss; (3) De Coss met with Petitioner several times in an
attempt to discover a basis for a sentence reduction; (4) Petitioner provided no basis for a
reduction to De Coss or the Court; (5) Petitioner was never promised a particular sentence and
was correctly informed of the correct sentencing range in Court; (6) Petitioner received a shorter
sentence as a result of his plea and the Government's recommendations; (7) Petitioner was
sentenced at the lower end of the sentencing guidelines; (8) Petitioner admitted in Court that De
Coss had gone over the PSR with him; (9) De Coss initially complied with Petitioner's request
and objected to the PSR, despite the fact the objection was later shown to have no merit given
the introduction of evidence concerning former convictions; and (10) Petitioner has never shown
an entitlement to a downward departure as a result of cultural assimilation or his contacts within
the United States. *See* DE 21; DE 29; *see also Mendoza-Geronimo*, No. 1:10-cr-01056-1, DE
Nos. 12, 14, 15, 40, DE 41, 47.[4]

  Petitioner's IAC claims two, three, four, and six fail to state any grounds for relief. The
Court **RECOMMENDS** that they be **DISMISSED** and that Respondent's Motion concerning
them be **GRANTED**.

  Next, with respect to claim five, Petitioner argues that his counsel provided IAC because
he failed to argue that Petitioner should receive a downward departure due to status as a
deportable alien. More specifically, Petitioner states that his counsel should have argued that the

---

  [4] In fact, the record indicates that: (1) Petitioner does not speak English; (2) Petitioner
entered the United States as a married adult; (3) Petitioner has a serious criminal history in the
United States; (3) Petitioner has used numerous aliases and birth dates; (4) Petitioner has a
family structure in the Dominican Republic; and (5) Petitioner has no established employment or
family connections within the United States sufficient to support his argument that he is entitled
to a downward departure because of his cultural assimilation here. *See* DE Nos. 21, 29, and DE
24 at 27 ("Mendoza-Geronimo is an illegal alien who returned to this country after being
deported and is a convicted drug trafficker with multiple aliases and birthdates, is illiterate in the
English language with no formal education or vocational training beyond his eight years of
formal schooling in his native Dominican Republic and a 'sporadic and unverifiable employment
history,' with no source of income. *See* PSR p. 2 ('Identifying Data'), ¶5, 32, 41, 42, 45. All of
this information relative to his 'cultural assimilation,' or lack thereof, in set out in the PSR,
which was reviewed and adopted by the court."). *See also Mendoza-Geronimo*, No. 1:10-cr-
01056-1, DE Nos. 40-41.

conditions Petitioner would endure in prison as a deportable alien would likely be more onerous than the conditions a similarly situated citizen inmate would endure.  DE 2 at 24-31.  To the extent that claim five attempts to challenge the conditions of Petitioner's confinement, claim five is not cognizable under 28 U.S.C. § 2255.  *See Muse v. Schmitz*, No. 3:12-cv-1762, 2012 WL 5351932, at *5 (W.D. La., Sept., 26, 2012) (" Habeas corpus (28 U.S.C. §§ 2241 or 2254) provides the appropriate remedy for a prisoner challenging his detention, conviction, or continued custody.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989).  On the other hand, Section 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.  *See Cook v. Texas Dep't of Crim. Justice*, 37 F.3d 166, 168 (5th Cir. 1994)").  To the extent that claim five is not challenging the conditions of Petitioner's confinement, Petitioner's arguments are foreclosed by the law of this Circuit.[5]  Petitioner has alleged no facts indicating that his counsel should have argued for, or obtained, a downward departure based on his status as a deportable alien, and he has alleged no facts indicating that he has been prejudiced by his counsel's alleged IAC.  Accordingly, claim five should be **DISMISSED** and Respondent's Motion on this claim should be **GRANTED**.[6]

Petitioner's seventh and final claim is a "request for discovery" for "legal documentation or transcripts" he claims "were paid for on August 8, 2011[.]"  DE 2 at 34.  Petitioner appears to be contending that he paid for this information himself, but only received 23 of the 25 pages ordered; and, thus, is owed a refund of $7.05.  *Id.*  Petitioner's allegations about his entitlement to discovery and/or a refund are conclusory and fail to demonstrate a right to relief.  Petitioner's request for a refund is not properly raised in a § 2255 Motion, and he is not entitled to discovery

---

[5]  *See United States v. Garay*, 235 F.3d 230, 232-22 & n. 8 (5th Cir. 2000) (holding that deportable alien status by itself is insufficient to justify a lower sentence absent extraordinary circumstances, which are "highly infrequent"); *Mugweni v. United States*, Nos: 3:09-CV-2245-K, 2:07-CR-0159-K, 2011 WL 487785, at *6-7  (N.D. Tex., Feb., 10, 2011) (applying *Garay*, and finding no prejudice or ineffective assistance due to counsel's failure to argue for a sentencing departure based on 2255 petitioner's deportable alien status); *United States v. Jimenez-Moreno*, 2008 WL 2937748, at * 9 (S.D. Tex., July 22, 2008) (same).

[6]  *See id.*

because his § 2255 claims lack merit.  Accordingly, claim seven should be **DISMISSED** Respondent's Motion regarding claim seven should be **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Respondent's Motion (DE 24) be **GRANTED**; and Petitioner's case be **DISMISSED**.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

**Signed on this 30th day of January, 2013 at Brownsville, Texas.**

**Felix Recio**
**United States Magistrate Judge**

---

[7]  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).